IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS CELESTINE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-12-1990 |
| PRINCE GEORGES CIRCUIT COURT, PRINCE GEORGES COUNTY OFFICE OF CHILD SUPPORT ENFORCEMENT, And PRINCE GEORGES COUNTY | * * * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned complaint was filed on July 3, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's motion will be granted.

Plaintiff alleges an Order issued in June of 1997 by Judge Martin of the Circuit Court for Prince George's County was void when entered because it violates his Fourteenth Amendment rights. ECF No. 1. He further states that enforcement of the order violates his rights under Title VII, the Americans with Disabilities Act (ADA), and the Rehabilitation Act. Plaintiff is an African American who served in the United States Air Force and is a disabled veteran. He claims that Judge Martin wrongfully imputed income to him because he was participating in a Veterans Rehabilitation and Employment Program by attending college. Under Judge Martin's order, Plaintiff states he has been required to pay child support of $600 plus arrearages. Plaintiff states he receives $1080 in disability payments from the Veteran's Administration and that his motion for reconsideration of the support payments was denied and his attempt to raise changed circumstances was not permitted to proceed. ECF No. 1 at pp. 3 – 5. He further claims the

court's refusal to follow "state statute §12-204[1] is blatant discrimination based on plaintiff's disability." *Id*. at p. 6.  Plaintiff seeks an order from this court enjoining further enforcement of the 1997 order as well as monetary damages. *Id*. at p. 10.

The complaint fails to state a claim upon which relief may be granted. First, Plaintiff's allegations are in the nature of a challenge to an existing state order requiring his payment of child support. This court does not have jurisdiction to review the validity of a state court's order. "Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) *quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

Secondly, the complaint fails to state a federal claim. A claim raised pursuant to 42 U.S.C. §1983 must be raised against a person. Plaintiff has not named a person as a defendant in this case. An ADA claim involves an allegation that a disabled person has been excluded from public accommodations or programs based on their disability. *See Doe v. University of Md. Medical Systems Corporation*, 50 F.3d 1261, 1265 (4th Cir. 1995); *see also* 42 U.S.C. Section 12131 *et seq* (ADA claim requires a showing by plaintiff that he is a person with a disability as

---

[1] Md. Code Ann., Fam. Law §12-204 establishes guidelines for the calculation of child support.

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

defined by the statute, who is otherwise qualified for the benefit he claims to have been denied; and that he was excluded due to discrimination based on the disability).  The only allegation raised in the instant complaint is that Plaintiff's disability payments are counted as income for purposes of paying child support; it does not allege exclusion from a public benefit based on Plaintiff's disability.  The Rehabilitation Act and Title VII claims are not clearly stated, but there are no allegations that Plaintiff has been denied employment by the named Defendants because of his disability.  His assertion that he is the subject of retaliation because he called the state court to talk to the ADA coordinator is frivolous.

    A separate Order dismissing the Complaint follows.


July 19, 2012                                     _____/s/_____
Date                                               DEBORAH K. CHASANOW
                                                     United States District Judge